# Supreme Court of Florida

---

No. SC2023-0249

---

**IN RE: AMENDMENTS TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.992.**

June 29, 2023

PER CURIAM.

The Florida Bar's Criminal Procedure Rules Committee (Committee) filed a report proposing amendments to Florida Rule of Criminal Procedure 3.992 (Criminal Punishment Code Scoresheet).[1] The Committee and the Board of Governors of The Florida Bar approved the proposed amendments. The Committee published its proposal for comment prior to filing it with the Court and no comments were received. After the Committee filed its report, the Court published the proposal for comment, and no comments were received.

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

Having considered the proposed amendments, the Court hereby amends Florida Rule of Criminal Procedure 3.992. The amendments include the following. In subdivision (a) under the last section heading "Total Sentence Imposed," above the box for the judge's signature, the form currently states "Other Reason" for a mitigated departure. We amend the rule by adding a check box before "Other Reason" and adding "(s):" after reason. In subdivision (b) under the section "Reasons For Departure – Mitigating Circumstances," at the end of the list, an additional checkbox is added for "Other Reason(s)" and a blank line for the sentencing judge to note any non-enumerated reasons for a downward departure. These amendments align the rule with section 921.0026, Florida Statutes (2022), which notes that the mitigating factors to be considered by the sentencing court when considering a downward departure are not limited to those specifically enumerated in the statute.

Accordingly, we amend Florida Rule of Criminal Procedure 3.992 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-

through type.  The amendments to the rule shall become effective

October 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

Original Proceeding – Florida Rules of Criminal Procedure

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Cynthia Cohen, Chair, Criminal Procedure Rules Committee, West Palm Beach, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX
## Rule 3.992. Criminal Punishment Code Scoresheet
### (a) Criminal Punishment Code Scoresheet. The Criminal Punishment Code Scoresheet Preparation
Manual is available at: *http://www.dc.state.fl.us/pub/sen_cpcm/index.html*

| 1. DATE OF SENTENCE | 2. PREPARER'S NAME | 3. COUNTY | 4. SENTENCING JUDGE |
|---|---|---|---|
| | | | |

| 5. NAME (LAST, FIRST, MI.I.) | 6. DOB | 8. RACE ☐B ☐W ☐OTHER | 10. PRIMARY OFF. DATE | 12. PLEA ☐ |
|---|---|---|---|---|
| | 7. DC # | 9. GENDER ☐M ☐F | 11. PRIMARY DOCKET # | TRIAL ☐ |

**I. PRIMARY OFFENSE:** If Qualifier, please check ____A ____S ____C ____R (A=Attempt, S=Solicitation, C=Conspiracy, R=Reclassification)

| FELONY DEGREE | F.S.# | DESCRIPTION | OFFENSE LEVEL | **POINTS** |
|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____/ | |

(Level - Points: 1=4, 2=10, 3=16, 4=22, 5=28, 6=36, 7=56, 8=74, 9=92, 10=116)

Prior capital felony triples Primary Offense points ☐                    **I. _____**

**II. ADDITIONAL OFFENSE(S):** Supplemental page attached ☐

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |
| DESCRIPTION_____ | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |
| DESCRIPTION_____ | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |
| DESCRIPTION_____ | | | | | | | |
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ x | _____ = | _____ |
| DESCRIPTION_____ | | | | | | | |

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

Prior capital felony triples Additional Offense points ☐          Supplemental page points _____

**II. _____**

**III. VICTIM INJURY:**

| | | Number | | Total | | | Number | | Total |
|---|---|---|---|---|---|---|---|---|---|
| 2nd Degree Murder | 240 x | _____ | = | _____ | Slight | 4 x | _____ | = | _____ |
| Death | 120 x | _____ | = | _____ | Sex Penetration | 80 x | _____ | = | _____ |
| Severe | 40 x | _____ | = | _____ | Sex Contact | 40 x | _____ | = | _____ |
| Moderate | 18 x | _____ | = | _____ | | | | | |

**III. _____**

**IV. PRIOR RECORD:** Supplemental page attached ☐

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | DESCRIPTION | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |
| _____ | _____/ | | ☐☐☐☐ | _____ | _____ X | _____ = | _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

Supplemental page points _____

**IV. _____**

**Page 1 Subtotal: _____**

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

**Page 1 Subtotal:** _____

V. ~~Legal Status Violation~~**LEGAL STATUS VIOLATION** = 4 Points

  ☐ Escape ☐ Fleeing ☐ Failure to ~~a~~Appear ☐ Supersedeas ~~b~~Bond ☐ Incarceration ☐ Pretrial ~~i~~Intervention or ~~d~~Diversion ~~p~~Program

  ☐ Court ~~i~~Imposed or ~~p~~Post ~~p~~Prison ~~r~~Release ~~c~~Community ~~s~~Supervision ~~r~~Resulting in a ~~c~~Conviction        **V.** _____

VI. ~~Community Sanction violation before the court for sentencing~~**COMMUNITY SANCTION VIOLATION BEFORE THE COURT FOR SENTENCING**

  ☐ Probation ☐ Community Control ☐ Pretrial Intervention or ~~d~~Diversion        **VI.** _____

    ☐ 6 points for any violation other than new felony conviction x _____ each successive violation OR
    ☐ New felony conviction = 12 points x _____ each successive violation if new offense results in conviction before or at same time as sentence for violation of probation OR
    ☐ 12 points x _____ each successive violation for a violent felony offender of special concern when the violation is not based solely on failure to pay costs, fines, or restitution OR
    ☐ New felony conviction = 24 points x _____ each successive violation for a violent felony offender of special concern if new offense results in a conviction before or at the same time for violation of probation

VII. ~~Firearm/Semi-Automatic or Machine Gun~~**FIREARM/SEMI-AUTOMATIC OR MACHINE GUN** = 18 or 25 Points        **VII.** _____

VIII. ~~Prior Serious Felony~~**PRIOR SERIOUS FELONY** ~~-~~= 30 Points        **VIII.** _____

Subtotal Sentence Points _____

IX. ~~Enhancements~~**ENHANCEMENTS** (only if the primary offense qualifies for enhancement)

| Law Enf. Protect. | Drug Trafficker | Motor Vehicle Theft | Criminal Gang Offense | Domestic Violence in the Presence of Related Child (offenses committed on or after 3/12/07) | Adult-on-Minor Sex Offense (offenses committed on or after 10/1/14) |
| --- | --- | --- | --- | --- | --- |
| ___ x 1.5 ___ x 2.0 ___ x 2.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 1.5 | ___ x 2.0 |

Enhanced Subtotal Sentence Points **IX.** _____

**TOTAL SENTENCE POINTS** _____

## SENTENCE COMPUTATION

If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction. If the total sentence points are 22 points or less, see Section 775.082(10), Florida Statutes, to determine if the court must sentence the offender to a non-state prison sanction.

If total sentence points are greater than 44:

_____ minus 28 = _____ x .75 = _____

total sentence points                                                      lowest permissible prison sentence in months

If total sentence points are 60 points or less and court makes findings pursuant to both Florida Statute 948.20 and 397.334(3), the court may place the defendant into a treatment-based drug court program.

The maximum sentence for each individual felony offense is the statutory maximum as provided in s. 775.082, F.S., unless the lowest permissible sentence listed above exceeds the statutory maximum for that offense. If the lowest permissible sentence exceeds the statutory maximum for an individual felony offense, the lowest permissible sentence replaces the statutory maximum and must be imposed for that offense. *See State v. Gabriel*, 314 So. 3d 1243 (Fla. 2021). Sentences for multiple felony offenses may be imposed concurrently or consecutively. If total sentence points are greater than or equal to 363, a life sentence may be imposed.

Primary offense: _____        _____
                                    Description                                                      Maximum sentence in years

Additional offense: _____        _____
                                    Description                                                      Maximum sentence in years

Additional offense: _____        _____
                                    Description                                                      Maximum sentence in years

Additional offense: _____        _____
                                    Description                                                      Maximum sentence in years

Total maximum sentence in years for all counts above if consecutive sentences imposed: _____

## TOTAL SENTENCE IMPOSED

|  |  | Years | Months | Days |
|---|---|---|---|---|
| ☐ State Prison | ☐ Life | _____ | _____ | _____ |
| ☐ County Jail | ☐ Time Served | _____ | _____ | _____ |
| ☐ Community Control |  | _____ | _____ | _____ |
| ☐ Probation | ☐ Modified | _____ | _____ | _____ |

Please check if sentenced as ☐ ~~h~~Habitual ~~o~~Offender, ☐ ~~h~~Habitual ~~v~~Violent ~~o~~Offender, ☐ ~~v~~Violent ~~c~~Career ~~c~~Criminal, ☐ ~~p~~Prison ~~r~~Releasee ~~r~~Reoffender, or a ☐ ~~m~~Mandatory ~~m~~Minimum ~~a~~Applies.

☐ Mitigated Departure  ☐ Plea Bargain  ☐ Prison Diversion Program

☐ Other Reason(s): _____

| JUDGE'S SIGNATURE | |
|---|---|

Effective Date:  For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.

## (b) Supplemental Criminal Punishment Code Scoresheet

| NAME (LAST, FIRST, MI.I) | DOCKET # | DATE OF SENTENCE |
|---|---|---|
| | | |

**II. ADDITIONAL OFFENSES(S):**

| DOCKET# | FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY A S C R | COUNTS | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x _____ | = _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x _____ | = _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x _____ | = _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x _____ | = _____ |

DESCRIPTION_____

| _____/ | _____/ | _____/ | _____ | ☐ ☐ ☐ ☐ | _____ | x _____ | = _____ |

DESCRIPTION_____

(Level - Points: M=0.2, 1=0.7, 2=1.2, 3=2.4, 4=3.6, 5=5.4, 6=18, 7=28, 8=37, 9=46, 10=58)

II. _____

**IV. PRIOR RECORD**

| FEL/MM DEGREE | F.S.# | OFFENSE LEVEL | QUALIFY: A S C R | OFFENSE/DATE/STATE | NUMBER | POINTS | TOTAL |
|---|---|---|---|---|---|---|---|
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/ _____/ | _____ | X _____ | = _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/ _____/ | _____ | X _____ | = _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/ _____/ | _____ | X _____ | = _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/ _____/ | _____ | X _____ | = _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/ _____/ | _____ | X _____ | = _____ |
| _____ | _____/_____ | | ☐ ☐ ☐ ☐ | _____/ _____/ | _____ | X _____ | = _____ |

(Level = Points: M=0.2, 1=0.5, 2=0.8, 3=1.6, 4=2.4, 5=3.6, 6=9, 7=14, 8=19, 9=23, 10=29)

IV. _____

### REASONS FOR DEPARTURE - MITIGATING CIRCUMSTANCES
### (reasons may be checked here or written on the scoresheet)

☐ Legitimate, uncoerced plea bargain.

☐ The defendant was an accomplice to the offense and was a relatively minor participant in the criminal conduct.

☐ The capacity of the defendant to appreciate the criminal nature of the conduct or to conform that conduct to the requirements of law was substantially impaired.

☐ The defendant requires specialized treatment for a mental disorder that is unrelated to substance abuse or addiction, or for a physical disability, and the defendant is amenable to treatment.

☐ The need for payment of restitution to the victim outweighs the need for a prison sentence.

☐ The victim was an initiator, willing participant, aggressor, or provoker of the incident.

☐ The defendant acted under extreme duress or under the domination of another person.

☐ Before the identity of the defendant was determined, the victim was substantially compensated.

☐ The defendant cooperated with the State to resolve the current offense or any other offense.

☐ The offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse.

☐ At the time of the offense the defendant was too young to appreciate the consequences of the offense.

☐ The defendant is to be sentenced as a youthful offender.

☐ The defendant is amenable to the services of a postadjudicatory treatment-based drug court program and is otherwise qualified to participate in the program.

☐ The defendant was making a good faith effort to obtain or provide medical assistance for an individual experiencing a drug-related overdose.

☐ Other Reason(s): _____

Pursuant to 921.0026(3) the defendant's substance abuse or addiction does not justify a downward departure from the lowest permissible sentence, except for the provisions of s. 921.0026(2)(m).

Effective Date: For offenses committed under the Criminal Punishment Code effective for offenses committed on or after October 1, 1998, and subsequent revisions.